IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOUCHPOINT PROJECTION INNOVATIONS, LLC | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 2:23-cv-0233-JRG |
| CDNETWORKS CO., LTD, | § § § | |
| *Defendant*. | § | |

**DEFENDANT'S OPPOSED MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT AND QUASH SERVICE OF PROCESS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, CDNETWORKS Co., Ltd., Defendant, in the above cause and submits this Defendant's Opposed Motion to Set Aside Clerk's Entry of Default and Quash Service of Process and shows unto the Court as follows, *to-wit*:

### I.    INTRODUCTION AND PROCEDURAL HISTORY

On May 26, 2023, Plaintiff Touchpoint Projection Innovations, LLC, ("**Plaintiff**") filed a complaint for patent infringement against Defendant CDNetworks Co., Ltd., ("**Defendant**"). [Dkt. 1]. On July 11, 2023, a summons was issued. [Dkt. 3]. And on July 12, 2023, service of process of the complaint and summons was purportedly delivered to the Office of the Texas Secretary of State. [Dkt. 4].

On October 5, 2023, Plaintiff requested an entry of default against Defendant from the clerk, and, on the same date, the clerk entered the requested entry of default against Defendant. [Dkts. 6 and 7].

Defendant requests that the Court set aside the clerk's entry of default and quash service of process because service of process was not properly effectuated upon Defendant and, therefore, the Court does not have personal jurisdiction over Defendant, or, in the alterative, because good cause exists to set aside the entry of default.

## II.     FACTUAL BACKGROUND

Defendant is an organization existing under the laws of South Korea with its principal place of business in Seoul, South Korea. (Ex. 1, at ¶ 2). Its registered address is: 7F, 34, Mareunnae-ro, Jung-gu, Seoul, South Korea 04555. *Id*.

In March of 2023, before Plaintiff initiated this civil action against Defendant, Plaintiff's counsel and Defendant's counsel exchanged written correspondence concerning Plaintiff's allegation of patent infringement. *Id*. at ¶ 3. In the written correspondence, Defendant's counsel provided Plaintiff's counsel with Defendant's registered address in South Korea, specifically the registered address above. *Id*. The Singapore address that Plaintiff alleges in its Original Complaint for Defendant is incorrect. *Id*; Dkt. 1, at ¶ 3.

Once Defendant became aware that a default had been entered against it, it intervened to request that the entry of default be set aside. (Ex. 1, at ¶ 5).

## III.    ARGUMENTS & AUTHORITIES

Courts favor the resolution of an action on the merits and, thus, in a request to set aside a default, will resolve any doubts in favor of the defendant. *Garza v. Altaire Pharms, Inc.*, No. 3:20-CV-1524-B, 2020 U.S. Dist. LEXIS 168148, at *4 (N.D. Tex. Sept. 14, 2020); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (observing that "federal courts should not be agnostic with respect to the entry of default judgments which are generally disfavored in the law"); *Gen. Tel.*

*Corp. v. Gen. Tel Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.").

If service of process is not properly effectuated upon a defendant, a court <u>must</u> set aside a clerk's entry of default <u>as a matter of law</u> because, in such a situation, the court lacks personal jurisdiction over the defendant. *Garza*, 2020 U.S. Dist. LEXIS 168148, at *4. Thus, when service of process is improper, a court has no discretion in the matter. *Id*. However, a court does have discretion and may set aside a clerk's entry of default if the defendant in the case presents good cause. *Id*.; Fed. R. Civ. P. 55(c).

### a. Service Of Process On A Foreign Defendant

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Blue Spike, LLC v. ASUS Comput. Int'l, Inc.*, No. 6:16-CV-1384-RWS-KNM n, 2018 U.S. Dist. LEXIS 48349, at *3 (E.D. Tex. Feb. 18, 2018) (quoting *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999)). "When a defendant questions the validity of service of process, 'the plaintiff bears the burden of establishing its validity.'" *Id*. (quoting *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 Fed. Appx. 383 (5th Cir. 2016)).

Federal Rule of Civil Procedure 4(h) allows for service of process on a foreign corporation either (1) in a judicial district of the United States or (2) at a place not within any judicial district of the United States. Fed. R. Civ. P. 4(h)(1)-(2); *Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*, No. 4:23-CV-00420, 2023 Dist. LEXIS 201545, at *5 (E.D. Tex. 2023). "When exercising the first option, service within the United States, the plaintiff must serve the defendant … in the manner prescribed by Rule 4(e)(1) for serving an individual…" *Id*. "Rule 4(e)(1), in turn, states

that 'unless federal law provides otherwise,' an individual may be served 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Id*. (quoting Fed. R. Civ. P. 4(e)(1)). "When exercising the second option, service outside the United States, the plaintiff must serve the defendant 'in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).'" *Id*. at *5-6. (quoting Fed. R. Civ. P. 4(h)(2)). "Under Rule 4(f), a plaintiff may serve a defendant 'by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.'" *Id*. at *6 (quoting Fed. R. Civ. P. 4(f)(1)).

Section 17 of the Texas Civil Practice and Remedies Code provides "for substituted service on the Secretary of State for nonresidents who engage in business in Texas but have neither a regular place of business nor a designated agent." *Id*. at *7; Tex. Civ. Prac. & Rem. Code § 17.044(b). Nonresidents under Section 17 includes foreign corporations. *Freedom Pats. LLC*, 2023 U.S. Dist. LEXIS 201545, at *7; Tex. Civ. Prac. & Rem. Code § 17.041.

"Texas law also dictates what the Secretary of State does after service:

> If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided."

*Freedom Pats LLC*, 2023 U.S. Dist. LEXIS 201545, at *8 (quoting Tex. Civ. Prac. & Rem. Code § 17.045(a)).

"[W]hen a signatory to the Hague Convention is served through the Texas Secretary of State, the Hague Convention is implicated." *Id*. at *12. This is because "the statutory provisions allowing [a] [p]laintiff to serve the Texas Secretary of State require the Secretary of State to 'send

notice of the complaint to the nonresident.'" *Id*. at *12-13 (quoting *Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 U.S. Dist. LEXIS 208478, at *2 (E.D. Tex. Mar. 16, 2012)).  It is also because "the Certificates of Service issued by the Secretary of State to Plaintiff include the address of the nonresident defendant where the Secretary sent the Summons and [] Complaint." *Id*. at *13.

Courts require a plaintiff to comport with service requirements because a defendant deserves due process when served." *Id*.  "[T]he mailing of the notice of service [by the Secretary of State] to the foreign defendant, the "final action" in the chain of events, completes the demands of the Due Process Clause." *Id*. at *13-14.  Therefore, because the actual mailing of the notice is both dictated by the Texas service statute and completes the demands of Due Process, the international transmission of those documents implicates the Hague Convention. *Id*. at *14.

### b. South Korea Is A Signatory To The Hague Convention But Does Not Permit Service By Mail

The United States and South Korea are both signatories to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "**Hague Convention**"). *Deep Web, LLC v. Kakao Corp.*, No. 2:20-CV-00139-JRG-RSP, 2020 U.S. Dist. LEXIS 258828, at *4, n. 2 (E.D. Tex. Oct. 3, 2020).  South Korea has objected to service by mail under Article 10 of the Hague Convention. *Moreno v. Allison Med., Inc.*, No. 3:20-CV-00300, 2022 U.S. Dist. LEXIS 155064, at *9 (S.D. Tex. Aug. 9, 2022).  Thus, to properly serve a nonresident defendant in South Korea through the Hague Convention, service must be through the Central Authority in South Korea as set forth in the Hague Convention. *Id*.

### c. Plaintiff's Attempt At Service Of Process Comports Neither With The Requirements Of The Hague Convention Nor Due Process

Plaintiff attempted to serve process on Defendant by serving the Office of the Texas Secretary of State. Dkt. 4. The record in this case is devoid of what happened next, if anything. Did the Secretary of State mail anything? If so, to whom and to what address? The record is silent concerning those issues. There is no certificate (*Whitney* certificate) in the record from the Office of the Secretary of State, showing that the Office did anything once it received a copy of the Summons and Complaint from Plaintiff.

A certificate from the Secretary of State's Office detailing the action taken by the Office is known as a *Whitney* certificate because of the Texas Supreme Court case of *Whitney v. L&L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973). There, the Texas Supreme Court held that in connection with proper service of process upon a defendant through the Secretary of State's Office, the trial court must have a certificate from the Office showing that the Office forwarded a copy of the service to the defendant, and without such a showing, a trial court does not have jurisdiction over the defendant to enter a default. *MC Phase II Owner, L.L.C. v. TI Shopping Ctr., L.L.C.*, 477 S.W.3d 489, 492 (Tex.App.—Amarillo 2015, no pet.). "Such a certificate has become known as a *Whitney* certificate." *Id*. And even though Texas long-arm statute has been revised through the years by the Texas legislature since the *Whitney* court issued its ruling, the Texas Supreme Court has continuously required a *Whitney* certificate from the Office to be in the record for a trial court to have jurisdiction over a defaulting party. *Id*. at 493; *See Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007).

The mailing of the notice of service by the Secretary of State to a foreign defendant, which the *Freedom Pats* court called the "final action" in the chain of events, completes the demands of the Due Process Clause. Here, the record is devoid of such a "final action." Thus, the due process requirement has not been met.

And, *arguendo*, even if a *Whitney* certificate was part of the record in this case, South Korea has objected to service by mail under the Hague Convention. Thus, service of process upon Defendant via the Secretary of State's Office cannot be via postal service. Therefore, if, in this case, the *Whitney* certificate showed that the Secretary of State's Office had mailed service of process to Defendant, such service would be improper because it would be in violation of the Hague Convention.

### d. This Court Has No Personal Jurisdiction Over Defendant And, Therefore, Must Set Aside The Clerk's Entry of Default

The lack of a *Whitney* certificate in the record alone requires this Court to set aside the clerk's entry of default because due process requirements have not been met. Further, the lack of adherence to the Hague Convention alone also requires this Court to set aside the clerk's entry of default. Therefore, because service of process has been improper, the Court lacks personal jurisdiction over Defendant. As a matter of law, the Court must set aside the clerk's entry of default and quash the service of process upon Defendant.

In view of the aforementioned, Defendant respectfully requests that the Court set aside the clerk's entry of default and quash the service of process upon Defendant. Alternatively, Defendant respectfully requests that the Court set aside the clerk's entry of default for good cause as discussed below.

### e. A Court May Set Aside A Clerk's Entry Of Default For Good Cause

Federal Rule of Civil Procedure 55(c) allows district courts to set aside an entry of default for "good cause." *Blue Spike*, 2018 U.S. Dist. LEXIS 48349, at *23 (citing *Lacy*, 227 F.3d at 291-92). "Relief from default is within the discretion of the district court and the Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default

judgment." *Id*. at *24 (citing *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)).

When assessing good cause, "[c]ourts generally consider three factors to determine whether to set aside a default: (1) whether the defendant willfully defaulted; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether a meritorious defense is presented." *Id*.

### f.  Good Cause Exists Here To Set Aside The Clerk's Entry Of Default

#### i.  Defendant Did Not Willfully Default

Before the filing of the lawsuit, Plaintiff's counsel and Defendant's counsel exchanged written correspondence, and Defendant's counsel provided Defendant's registered South Korean address to Plaintiff's counsel. *See Supra* Part II.  But Plaintiff chose to ignore it and instead use an incorrect Singapore address when preparing its Complaint. *Id*.  Moreover, as discussed earlier, the record is devoid of whether the Texas Secretary of State's Office took any action after Plaintiff served the Office with the Summons and Complaint. *See Supra* Part III(c).

Because Defendant was never properly served with process, it did not believe that it had to legally respond to the lawsuit. (Ex 1, at ¶ 5).  However, once Defendant became aware that the Court was moving forward with a default against it, it has intervened to request that the Court set the default aside and quash the service of process. *Id*.  Soon after Defendant learned about the clerk's entry of default, a representative of Defendant in Defendant's in-house counsel's office located in Asia reached out to the Court to let the Court know that it would intervene to ask the Court to set aside the entry of default. Dkt. 8.

#### ii.  Plaintiff Has Not Been Prejudiced

"The Fifth Circuit has consistently held that there is no prejudice to a plaintiff if setting aside default merely requires the plaintiff to prove its case." *Blue Spike*, 2018 U.S. Dist. LEXIS 48349, at *25 (quoting *Lacy*, 227 F.3d at 293).  "Prejudice to [a] plaintiff requires more than the possibility of prejudice from delay. *Id*.  And prejudice requires more than mere speculation. *Id*. at *27.

Here, Plaintiff has not been prejudiced.  Except for a delay due to Plaintiff's own making (improper service of process), no other issues have arisen or exist that would prejudice the Plaintiff.

### iii. Defendant Has A Meritorious Defense

"To warrant relief from default, a defendant must demonstrate that it has a meritorious defense such that the outcome of litigation could be different if it were allowed to proceed to trial on the merits." *Id*. (citing *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008)).  "[A] defendant need not prove that the defense would likely succeed on the merits, but rather establish that there is a defense." *Id*.

#### 1. Plaintiff Relies On An Erroneous Website To Support Its Infringement Claims

Plaintiff alleges that Defendant has infringed the patent-in-suit. Dkt. 1.  Plaintiff supports its infringement claims by alleging that Defendant has committed infringing acts and/or operates infringing systems and service as set forth on a website, namely a website having the domain name cdnetworks.com. *Id*. at ¶¶ 63, 66-69.  But that website is not owned, registered or operated by Defendant. (Ex. 1, at ¶ 6).  Because Defendant did not do the acts of which Plaintiff complains, it has not infringed the patent-in-suit.

#### 2. Plaintiff Does Not Have Standing

Standing to sue is a threshold question. The party bringing the action bears the burden of establishing it. *Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). A party's standing to sue for patent infringement derives from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281; *Enovsys LLC v. Nextel Communications, Inc.*, 614 F.3d 1333, 1341 (Fed. Cir. 2010). "Patentee" includes not only the party to whom the patent was issued, but also the successors in title to that party, 35 U.S.C. § 100, including those to whom the patent has been assigned ownership. *Propat International Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1193 (Fed. Cir. 2007). Thus, for a plaintiff to have standing, he must present evidence that he has ownership interest in the patent. *Sicom Systems*, 427 F.3d at 976.

The Patent Act requires that all assignments of patent rights be in writing. 35 U.S.C. § 261. A valid assignment under patent law is "in writing" only if the writing identifies the patent number assigned to it by the United States Patent & Trademark Office ("**USPTO**"), if a patent has issued, or identifies the patent application serial number assigned to it by the USPTO, if a patent application is pending before the USPTO. 37 CFR § 3.21 ("An assignment relating to a national patent application must identify the national patent application by the application number (consisting of the series code and the serial number; e.g., 07/123,456)").

Here, Plaintiff alleges in its Complaint that it acquired ownership of the patent-in-suit through a chain of succession. [Dkt. 1, at ¶ 14]. According to Plaintiff, the inventors of the patent-in-suit assigned their entire ownership interest in the patent to Everis, Inc., and then Everis, Inc., assigned its entire ownership interest in the patent to Plaintiff. *Id.* The two inventors of the patent-in-suit are a) Joseph McCoy of Frankfort, New York, and b) Joshua White of Ilion, New York.

[Dkt. 1-1, at 2].  Further, a provisional patent application relating to the patent-in-suit was filed in the USPTO on September 4, 2009 and was assigned Application Serial No. 61/239,989. *Id*.

According to the USPTO, an assignment was purportedly executed on December 10, 2009, by the two inventors, in which they both assigned their entire interest in the provisional patent application to Everis, Inc. (Ex 2-A).  When this assignment agreement was purportedly executed, the provisional patent application relating to the patent-in-suit was pending before the USPTO, but the assignment agreement did not state the patent application serial number therein as required by 37 CFR 3.21.  Thus, the purported assignment did not comply with the law and, as a result, is not considered a writing.  Since it is not considered a writing, there cannot be a valid assignment.  Thus, when Everis, Inc., purportedly assigned the patent-in-suit to Plaintiff, it had nothing to assign because it did not own any interest in the patent-in-suit.  Because Plaintiff does not own any interest in the patent-in-suit, it does not have standing to sue.

In sum, Defendant has meritorious defenses because Defendant did not commit any of the acts that Plaintiff alleges supports its claims for infringement and because Plaintiff does not have standing to sue for infringement.

Defendant has established good cause to set aside the clerk's entry of default because a) it did not willfully default, b) Plaintiff has not been prejudiced and c) it has meritorious defenses. Therefore, Defendant respectfully requests that the Court set aside the Clerk's entry of default.

In conclusion, because service of process upon Defendant did not comport with either due process or the Hague Convention, the Court, as a matter of law, must set aside the clerk's entry of default as the Court does not have personal jurisdiction over the Defendant.  However, in the alternative, if the Court believe that it does have personal jurisdiction over Defendant, Defendant has established that good cause exists to set aside the clerk's entry of default.

## PRAYER

Defendant respectfully requests that the Court set aside the clerk's entry of default and quash service of process and for such other and further relief that Defendant may be justly entitled at law or in equity.

Respectfully submitted,

/s/   Aaron P. Peacock
Aaron P. Peacock
State Bar No. 24060399
**PEACOCK LAW FIRM PLLC**
4131 N. Central Expressway, Suite 961
Dallas, Texas 75204
Telephone:  (214) 617-1000
Facsimile:   (214) 617-1010
Email:  apeacock@peacockfirm.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The following document was served upon Plaintiff's counsel, Randall Garteiser, (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this Case on the 28th day of June, 2024.

/s/   Aaron P. Peacock
Of Peacock Law Firm PLLC

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the meet and confer requirement in Local Rule CV-7(h). On June 18, 2024, I met and conferred with Plaintiff's counsel, Randall Garteiser, via telephone to discuss the merits of this Motion.  Plaintiff's counsel stated that he is OPPOSED to this Motion because of the history of this case.  Discussion with Plaintiff's counsel ended in an impasse, leaving an open issue for this Court to resolve.  Therefore, this Motion is presented to the Court for determination.

/s/   Aaron P. Peacock
Of Peacock Law Firm PLLC