**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TOUCHPOINT PROJECTION INNOVATIONS, LLC | § § § § § | |
| *Plaintiff*, | | |
| v. | § § § § § § § | Civil Action No. 2:23-cv-0233-JRG |
| CDNETWORKS CO., LTD, | | |
| *Defendant*. | | |

**DEFENDANT'S OPPOSED MOTION TO STRIKE
DOCUMENT NO. 13 ENTITLED RESPONSE IN SUPPORT OF
CDNETWORKS' MOTION TO SET ASIDE DEFAULT (DKT. 10)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, CDNETWORKS Co., Ltd., Defendant, in the above cause and submits this Defendant's Opposed Motion to Strike Document No. 13 Entitled Response in Support of CDNetworks' Motion to Set Aside Default (Dkt. 10) and shows unto the Court as follows, *to-wit*:

**I.**

On June 28, 2024, Defendant CDNetworks Co., Ltd. ("**Defendant**") filed Defendant's Opposed Motion to Set Aside Clerk's Entry of Default and Quash Service of Process ("**Motion**"). Dkt. 10.  On July 11, 2024, Plaintiff Touchpoint Projection Innovations, LLC, ("**Plaintiff**") filed an Unopposed Motion for Time to Respond to CDNetworks' Motion to Set Aside Default (Dkt. 10). Dkt. 11.  The Court granted Plaintiff's request for extension of time, ordering Plaintiff to respond to the Motion on or before July 26, 2024. Dkt. 12.  Plaintiff did not file a response by the Court-ordered deadline.

On July 27, 2024, Plaintiff's counsel notified the undersigned that Plaintiff missed the deadline to file an opposition brief to the Motion due to a calendaring error but that an opposition brief would be filed the following Monday. (Ex. 1, p. 2). On July 30, 2024, Plaintiff's counsel made an offer to Defendant to stipulate to a waiver of service of process in exchange for additional time to respond to the lawsuit. *Id*. at 3. On August 2, 2024, Defendant declined the offer to so stipulate. *Id*. at 4. Thereafter, on August 2, 2024, Defendant's counsel stated that Defendant would file a statement of non-opposition to the Motion. *Id*. at 5.

On August 5, 2024, Plaintiff's counsel requested that Defendant reconsider the stipulation offer previously made. *Id*. at 6. The undersigned requested clarification from Plaintiff's counsel. *Id*. at 9. Plaintiff's counsel responded, attempting to clarify. *Id*. at 12. Plaintiff's counsel responded concerning the filing of a notice of non-opposition. *Id*. at 16. Then, on August 7, 2024, Defendant again declined Plaintiff's stipulation offer. *Id*. at 20.

On August 8, 2024, instead of filing a notice of non-opposition, Plaintiff filed a Response in Support of CDNetworks' Motion to Set Aside Default (Dkt. 10) ("**Response**), making arguments/statements therein against the Motion and requesting specific relief from the Court, namely the setting of the case on the Court's CMC docket. Dkt. 13.

## II.

The Court should strike Docket No. 13 entitled "Response in Support of CDNetworks' Motion to Set Aside Defaults (Dkt. 10)" for the reasons below.

First, <u>the Response is **untimely**</u>. The Response is made in opposition. While the caption of the Response comprises the words "in support," the body of the Response argues against the Motion. Dkt. 13. Plaintiff asserts that it "does not adopt the arguments of [Defendant]." *Id*.

Further, contrary to the law and the facts set forth in the Motion, Plaintiff argues that "service [of process] on the Texas Secretary of State was proper service against [Defendant]." Dkt. 13, at 1; Dkt. 10, at 5-7.

Nothing in the body of the Response conveys Plaintiff's non-opposition to the Motion. Instead, the Response is a short retort to the Motion, asking the Court to permit the case to proceed to scheduling, which is the opposite relief that Defendant seeks in the Motion.  Specifically, the Response requests that the Court permit Plaintiff to cast aside the requirement of service of process on Defendant and that the Court proceed with scheduling the case. Dkt. 13, at 1 (requesting that the Court "view [the Response] as a notice to the Court that this 2023 filed lawsuit is ready for an initial CMC").

To be clear, Defendant welcomes the filing by Plaintiff of a Notice of Non-opposition to the Motion.  But the Response filed by Plaintiff is not such a notice or similar submission.

The deadline for Plaintiff to file a response that opposed the Motion was July 26, 2024. Dkt. 12.  Plaintiff missed the deadline.  Before filing the Response, Plaintiff should have requested leave of court, but did not. *See* Fed. R. Civ. P 6(b).

Therefore, the Response should be stricken from the record because it is untimely and leave of court was not requested.

Second, a meet and confer conference **did not occur** between counsel per the local rules for the relief requested by Plaintiff. L.R. CV-7(h).  In the Response, Plaintiff includes a "Certificate of Conference," certifying that Plaintiff's counsel conducted a conference with the undersigned about the relief request in the Response and that the undersigned agreed with such relief. Dkt. 13, at 2. Such representations in the Certificate of Conference are completely false.

The undersigned did not know that Plaintiff was going to seek relief from the Court to permit it to cast aside the requirement of service of process on Defendant and to request that the Court schedule the case on the Court's CMC docket.  No conference with the undersigned took place concerning such relief.  Further, Defendant does not agree to such relief.

Because Plaintiff did not conduct a meet and confer conference per the local rules for the relief that it is seeking in the Response, the Response should be stricken.

Finally, <u>neither a "response" nor a "notice" is a proper mechanism to move the Court for relief</u>.  The proper mechanism for relief is a "motion."  In the Response, Plaintiff asks/moves the Court to set this case on the Court's CMC docket, yet it attempts to disguise the motion as a "notice." Dkt. 13, at 1 ("[Plaintiff] asks the Court to view this submission as a notice …").

Because Plaintiff is requesting court intervention, the Response is an improper mechanism in which to seek such relief.  Therefore, the Response should be stricken.

## PRAYER

Defendant respectfully requests that the Court strike Document No. 13 entitled Response in Support of CDNetworks' Motion to Set Aside Default (Dkt. 10) and for such other and further relief to which Defendant is justly entitled at law or in equity.

Respectfully submitted,

/s/   *Aaron P. Peacock*
Aaron P. Peacock
State Bar No. 24060399
**PEACOCK LAW FIRM PLLC**
4131 N. Central Expressway, Suite 961
Dallas, Texas 75204
Telephone:  (214) 617-1000
Facsimile:   (214) 617-1010
Email:  apeacock@peacockfirm.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The following document was served upon Plaintiff's counsel, Randall Garteiser, (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this Case on the 12th day of August, 2024.

/s/   Aaron P. Peacock
Of Peacock Law Firm PLLC

**CERTIFICATE OF CONFERENCE**

I certify that I have complied with the meet and confer requirement in Local Rule CV-7(h). On August 12, 2024, I met and conferred with Plaintiff's counsel, Randall Garteiser, via telephone to discuss the merits of this Motion. Plaintiff's counsel is OPPOSED to this Motion. Discussion with Plaintiff's counsel ended in an impasse, leaving an open issue for this Court to resolve. Therefore, this Motion is presented to the Court for determination.

/s/   Aaron P. Peacock
Of Peacock Law Firm PLLC