# EXHIBIT 1

 **Aaron Peacock <apeacock@peacockfirm.com>**

## Counter offer? Extension

**Randall Garteiser** <rgarteiser@ghiplaw.com>  Sat, Jul 27, 2024 at 11:45 PM
To: Aaron Peacock <apeacock@peacockfirm.com>

Aaron,

We miscalendared the extension but will get the opposition on file Monday.
We agree in advance to provide your client a week extension if you need it.

Apologies,
Randy

[Quoted text hidden]



Aaron Peacock <apeacock@peacockfirm.com>

## Counter offer? Extension

**Randall Garteiser** <rgarteiser@ghiplaw.com>  Tue, Jul 30, 2024 at 11:31 PM
To: Aaron Peacock <apeacock@peacockfirm.com>
Cc: Garteiser Honea Patent Asset Management Team <ghpam@ghiplaw.com>

Aaron,

There are facts that I was not aware of based upon the declaration your client has provided.  As such, we would like to stipulate to remove the clerk's entry of default.

In the stipulation, we would like to set a date 60 days from the date of the stipulation for your client to file a response.

Please ask your client if this is an acceptable way to move forward.  I prefer to chat about this case over the phone so please give me a call at your convenience any afternoon this week.

Be well,
Randy
415.568.0553


On Jun 28, 2024, at 12:29 PM, Aaron Peacock <apeacock@peacockfirm.com> wrote:

[Quoted text hidden]


Aaron Peacock <apeacock@peacockfirm.com>

## Counter offer? Extension

**Aaron Peacock** <apeacock@peacockfirm.com>  Fri, Aug 2, 2024 at 7:19 AM
To: Randall Garteiser <rgarteiser@ghiplaw.com>
Cc: Garteiser Honea Patent Asset Management Team <ghpam@ghiplaw.com>

Hi Randy,

Thank you for the offer.  I have spoken with my client about it, and my client declines.

Thanks,
Aaron

[Quoted text hidden]

 Aaron Peacock <apeacock@peacockfirm.com>

## Counter offer? Extension

**Randall Garteiser** <rgarteiser@ghiplaw.com>  Fri, Aug 2, 2024 at 11:22 AM
To: Aaron Peacock <apeacock@peacockfirm.com>
Cc: Garteiser Honea Patent Asset Management Team <ghpam@ghiplaw.com>

Okay, we will file a statement of non-opposition.  Then, we will move alternative service.

[Quoted text hidden]



Aaron Peacock <apeacock@peacockfirm.com>

---

## CDNetworks

---

**Randall Garteiser** <rgarteiser@ghiplaw.com>                                   Mon, Aug 5, 2024 at 2:33 PM
To: Aaron Peacock <apeacock@peacockfirm.com>
Cc: Rene Vazquez <rvazquez@ghiplaw.com>, Colin Jensen <cjensen@ghiplaw.com>

Hi Aaron,

Nicely written brief by you for CDNetworks, such that I can now confirm my client is not opposing the motion to remove the clerk's entry of default as I had mentioned to you last week.

But to follow up on our last communication, a lot of other foreign defendants, including TikTok, ByteDance, Lenovo and most recently Samsung know this.  They all agreed to waive service to avoid having to pay the costs/fees incurred by plaintiff under statute, Rule 1 and court's inherent power.  Plus, here CDNetworks knows of the lawsuit, discussed resolution in detail with prior DLA Piper counsel before you were its counsel, and has now appeared in the litigation.  Point being, CDNetworks is aware of the patent infringement lawsuit, there is no unfair attempt by Plaintiff to get a monetary judgment against an uninformed defendant.

So I write now, to ask CDNetworks to reconsider its decision to NOT agree to a waiver of service of process in exchange fora 90-day extension.  See exemplar attached.

Please let us know at your earliest convenience CDNetworks's final decision.  Apologies for not already getting statement of non-opposition on file for CDNetworks, but we will do so upon hearing from you.

CDNetworks should be aware that the Court may set a CMC in September for about 50-plus cases and CDNetworks could be included in that grouping.  That order will set in motion a series of deadlines that Plaintiff **will not agree to stay**.  So just wanting to be transparent on what Plaintiff will and will not do to avoid a foreseeable sequence of events that will follow lifting/removing the Clerk's Entry of Default against CDNetworks.  Plaintiff may wait to move for alternative service until, if and when Defendant claims it was not properly served, a concession Plaintiff will not agree to notwithstanding our removal of the entry of default.  We just want to resolve the dispute on the merits, not a technicality.

Be well,
Randy
415.568.0553

> On Aug 2, 2024, at 11:22 AM, Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>
> Okay, we will file a statement of non-opposition.  Then, we will move alternative service.
>
>> On Aug 2, 2024, at 7:19 AM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>>
>> Hi Randy,
>>
>> Thank you for the offer.  I have spoken with my client about it, and my client declines.
>>
>> Thanks,
>> Aaron
>>
>>> On Tue, Jul 30, 2024, 11:31 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>>>  Aaron,

There are facts that I was not aware of based upon the declaration your client has provided. As such, we would like to stipulate to remove the clerk's entry of default.

In the stipulation, we would like to set a date 60 days from the date of the stipulation for your client to file a response.

Please ask your client if this is an acceptable way to move forward. I prefer to chat about this case over the phone so please give me a call at your convenience any afternoon this week.

Be well,
Randy
415.568.0553

> On Jun 28, 2024, at 12:29 PM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>
> Hi Randall,
>
> As to (1), I conveyed Plaintiff's offer of settlement to my client, and my client has declined. My client did not provide a counter offer to me. I saw in the papers of this case that on March 1, 2023, Plaintiff made an offer of settlement to Defendant of $250K. I'm not sure how we go from $250K to $875K in one year. In any event, Defendant has declined.
>
> As to (2), yes, I agree.
>
> Thanks,
> Aaron
>
> On Fri, Jun 28, 2024 at 12:10 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>> Aaron,
>>
>> 1. Any counter offer from CDNetworks for us to discuss?
>>
>> 2. Will CDNetworks agree to a 2-week extension on our response while the parties discuss early resolution?
>
>
> --
> Aaron P. Peacock
> PEACOCK LAW FIRM PLLC
> 4131 N. Central Expressway, Suite 961
> Dallas, Texas 75204
> Tel: 214-617-1000
> Fax: 214-617-1010
> apeacock@peacockfirm.com
> www.peacockfirm.com
>
> This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege and/or are confidential. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify me using the telephone number or email address listed above.

**2 attachments**

**0008 UNOPPOSED MOTION for Extension of Time to File Answer PLEAD OR OTHERWISE RESPOND AND WAIVER OF FORE.pdf**
122K

**0008-001 Proposed Order.pdf**
77K



Aaron Peacock <apeacock@peacockfirm.com>

## CDNetworks

**Aaron Peacock** <apeacock@peacockfirm.com>   Mon, Aug 5, 2024 at 6:35 PM
To: Randall Garteiser <rgarteiser@ghiplaw.com>
Cc: Rene Vazquez <rvazquez@ghiplaw.com>, Colin Jensen <cjensen@ghiplaw.com>

Hi Randy,

I want to make sure that I understand your email regarding your request for reconsideration concerning a waiver of service of process.

First, in your email, you imply that should CDNetworks not agree to waive service of process, that it would have to pay costs/fees incurred by Plaintiff under statute, Rule 1 and court's inherent power.  Can you provide the citation of the statute to which you refer?

Second, you state that the Court may set a CMC in September for 50-plus cases, and CDNetworks could be included in that group.  I don't know what you are talking about.  Could you please clarify and explain?

Third, you state that the CMC will set into motion a series of deadlines that Plaintiff will not agree to stay. What series of deadlines are you referring to?

Finally, in your email, you include the following sentence: "Plaintiff may wait to move for alternative service until, if and when Defendant claims it was not properly served, a concession Plaintiff will not agree to notwithstanding our removal of the entry of default."  Forgive me, but I've read that sentence dozens of times, and I can't understand what you are saying.  Can you please restate and clarify?

Thanks,
Aaron

[Quoted text hidden]
   [Quoted text hidden]

> On Aug 2, 2024, at 11:22 AM, Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>
> Okay, we will file a statement of non-opposition.  Then, we will move alternative service.
>
>
>> On Aug 2, 2024, at 7:19 AM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>>
>> Hi Randy,
>>
>> Thank you for the offer.  I have spoken with my client about it, and my client declines.
>>
>> Thanks,
>> Aaron
>>
>> On Tue, Jul 30, 2024, 11:31 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>>> Aaron,
>>>
>>> There are facts that I was not aware of based upon the declaration your client has provided.  As such, we  would like to stipulate to remove the clerk's entry of default.
>>>
>>> In the stipulation, we would like to set a date 60 days from the date of the stipulation for your client to file a response.

Please ask your client if this is an acceptable way to move forward.  I prefer to chat about this case over the phone so please give me a call at your convenience any afternoon this week.

Be well,
Randy
415.568.0553

> On Jun 28, 2024, at 12:29 PM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>
> Hi Randall,
>
> As to (1), I conveyed Plaintiff's offer of settlement to my client, and my client has declined.  My client did not provide a counter offer to me.  I saw in the papers of this case that on March 1, 2023, Plaintiff made an offer of settlement to Defendant of $250K.  I'm not sure how we go from $250K to $875K in one year.  In any event, Defendant has declined.
>
> As to (2), yes, I agree.
>
> Thanks,
> Aaron
>
> On Fri, Jun 28, 2024 at 12:10 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>> Aaron,
>>
>> 1. Any counter offer from CDNetworks for us to discuss?
>>
>> 2. Will CDNetworks agree to a 2-week extension on our response while the parties discuss early resolution?
>
> --
> Aaron P. Peacock
> PEACOCK LAW FIRM PLLC
> 4131 N. Central Expressway, Suite 961
> Dallas, Texas 75204
> Tel: 214-617-1000
> Fax: 214-617-1010
> apeacock@peacockfirm.com
> www.peacockfirm.com
>
> This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed.  This communication may contain material protected by the attorney-client privilege and/or are confidential.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited.  If you have received this email in error, please immediately notify me using the telephone number or email address listed above.

--
Aaron P. Peacock
PEACOCK LAW FIRM PLLC

4131 N. Central Expressway, Suite 961
Dallas, Texas 75204
Tel: 214-617-1000
Fax: 214-617-1010
apeacock@peacockfirm.com
www.peacockfirm.com

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed.  This communication may contain material protected by the attorney-client privilege and/or are confidential.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited.  If you have received this email in error, please immediately notify me using the telephone number or email address listed above.



Aaron Peacock <apeacock@peacockfirm.com>

## CDNetworks

**Randall Garteiser** <rgarteiser@ghiplaw.com>   Mon, Aug 5, 2024 at 6:57 PM
To: Aaron Peacock <apeacock@peacockfirm.com>
Cc: Rene Vazquez <rvazquez@ghiplaw.com>, Colin Jensen <cjensen@ghiplaw.com>

No fees provision, costs are under Rule 4 or 5 of the FRCP.  Fees require the Court, but I don't think my client will want to move for them.

2. Just referring the Marshall Cattle Call that occurs every month or so.  It was a bit early in July so I'm thinking he will take August off, and have the next Cattle Call in October.

Your client can raise improper service, under Rule 12(b)(2) or (3).

3. Attached is an exemplar of the Marshall Cattle Call Order that sets the deadlines and then at the CMC we will get into the Docket Control Order, etc.

> On Aug 5, 2024, at 6:35 PM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>
> Hi Randy,
>
> I want to make sure that I understand your email regarding your request for reconsideration concerning a waiver of service of process.
>
> First, in your email, you imply that should CDNetworks not agree to waive service of process, that it would have to pay costs/fees incurred by Plaintiff under statute, Rule 1 and court's inherent power.  Can you provide the citation of the statute to which you refer?
>
> Second, you state that the Court may set a CMC in September for 50-plus cases, and CDNetworks could be included in that group.  I don't know what you are talking about.  Could you please clarify and explain?
>
> Third, you state that the CMC will set into motion a series of deadlines that Plaintiff will not agree to stay.  What series of deadlines are you referring to?
>
> Finally, in your email, you include the following sentence: "Plaintiff may wait to move for alternative service until, if and when Defendant claims it was not properly served, a concession Plaintiff will not agree to notwithstanding our removal of the entry of default."  Forgive me, but I've read that sentence dozens of times, and I can't understand what you are saying.  Can you please restate and clarify?
>
> Thanks,
> Aaron
>
>> On Mon, Aug 5, 2024 at 2:34 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>> Hi Aaron,
>>
>> Nicely written brief by you for CDNetworks, such that I can now confirm my client is not opposing the motion to remove the clerk's entry of default as I had mentioned to you last week.
>>
>> But to follow up on our last communication, a lot of other foreign defendants, including TikTok, ByteDance, Lenovo and most recently Samsung know this.  They all agreed to waive service to avoid having to pay the costs/fees incurred by plaintiff under statute, Rule 1 and court's inherent power.  Plus, here CDNetworks knows of the lawsuit, discussed resolution in detail with prior DLA Piper counsel before

you were its counsel, and has now appeared in the litigation.  Point being, CDNetworks is aware of the patent infringement lawsuit, there is no unfair attempt by Plaintiff to get a monetary judgment against an uninformed defendant.

So I write now, to ask CDNetworks to reconsider its decision to NOT agree to a waiver of service of process in exchange fora 90-day extension.  See exemplar attached.

Please let us know at your earliest convenience CDNetworks's final decision.  Apologies for not already getting statement of non-opposition on file for CDNetworks, but we will do so upon hearing from you.

CDNetworks should be aware that the Court may set a CMC in September for about 50-plus cases and CDNetworks could be included in that grouping.  That order will set in motion a series of deadlines that Plaintiff **will not agree to stay**.  So just wanting to be transparent on what Plaintiff will and will not do to avoid a foreseeable sequence of events that will follow lifting/removing the Clerk's Entry of Default against CDNetworks.  Plaintiff may wait to move for alternative service until, if and when Defendant claims it was not properly served, a concession Plaintiff will not agree to notwithstanding our removal of the entry of default.  We just want to resolve the dispute on the merits, not a technicality.

Be well,
Randy
415.568.0553

> On Aug 2, 2024, at 11:22 AM, Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>
> Okay, we will file a statement of non-opposition.  Then, we will move alternative service.
>
>> On Aug 2, 2024, at 7:19 AM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>>
>> Hi Randy,
>>
>> Thank you for the offer.  I have spoken with my client about it, and my client declines.
>>
>> Thanks,
>> Aaron
>>
>> On Tue, Jul 30, 2024, 11:31 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>>> Aaron,
>>>
>>> There are facts that I was not aware of based upon the declaration your client has provided.  As such, we  would like to stipulate to remove the clerk's entry of default.
>>>
>>> In the stipulation, we would like to set a date 60 days from the date of the stipulation for your client to file a response.
>>>
>>> Please ask your client if this is an acceptable way to move forward.  I prefer to chat about this case over the phone so please give me a call at your convenience any afternoon this week.
>>>
>>> Be well,
>>> Randy
>>> 415.568.0553

> On Jun 28, 2024, at 12:29 PM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>
> Hi Randall,
>
> As to (1), I conveyed Plaintiff's offer of settlement to my client, and my client has declined. My client did not provide a counter offer to me. I saw in the papers of this case that on March 1, 2023, Plaintiff made an offer of settlement to Defendant of $250K. I'm not sure how we go from $250K to $875K in one year. In any event, Defendant has declined.
>
> As to (2), yes, I agree.
>
> Thanks,
> Aaron
>
> On Fri, Jun 28, 2024 at 12:10 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>> Aaron,
>>
>> 1. Any counter offer from CDNetworks for us to discuss?
>>
>> 2. Will CDNetworks agree to a 2-week extension on our response while the parties discuss early resolution?
>
>
> --
> Aaron P. Peacock
> PEACOCK LAW FIRM PLLC
> 4131 N. Central Expressway, Suite 961
> Dallas, Texas 75204
> Tel: 214-617-1000
> Fax: 214-617-1010
> apeacock@peacockfirm.com
> www.peacockfirm.com
>
> This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege and/or are confidential. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify me using the telephone number or email address listed above.


--
Aaron P. Peacock
PEACOCK LAW FIRM PLLC
4131 N. Central Expressway, Suite 961
Dallas, Texas 75204
Tel: 214-617-1000
Fax: 214-617-1010
apeacock@peacockfirm.com
www.peacockfirm.com

This email and any files transmitted with it are confidential and are intended solely for the use of the

individual or entity to which they are addressed.  This communication may contain material protected by the attorney-client privilege and/or are confidential.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited.  If you have received this email in error, please immediately notify me using the telephone number or email address listed above.

**10 Scheduling Conference ORDER.pdf**
860K



Aaron Peacock <apeacock@peacockfirm.com>

## CDNetworks

**Randall Garteiser** <rgarteiser@ghiplaw.com>  Tue, Aug 6, 2024 at 12:23 PM
To: Aaron Peacock <apeacock@peacockfirm.com>
Cc: Rene Vazquez <rvazquez@ghiplaw.com>, Colin Jensen <cjensen@ghiplaw.com>

Aaron,

Since we haven't filed our statement of non-opposition yet, we will probably make it to October. Looks like we will know today as he's setting CMCs for September today.

> On Aug 5, 2024, at 6:57 PM, Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>
> No fees provision, costs are under Rule 4 or 5 of the FRCP.  Fees require the Court, but I don't think my client will want to move for them.
>
> 2. Just referring the Marshall Cattle Call that occurs every month or so.  It was a bit early in July so I'm thinking he will take August off, and have the next Cattle Call in October.
>
> Your client can raise improper service, under Rule 12(b)(2) or (3).
>
> 3. Attached is an exemplar of the Marshall Cattle Call Order that sets the deadlines and then at the CMC we will get into the Docket Control Order, etc.
>
> <10 Scheduling Conference ORDER.pdf>
>
>> On Aug 5, 2024, at 6:35 PM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>>
>> Hi Randy,
>>
>> I want to make sure that I understand your email regarding your request for reconsideration concerning a waiver of service of process.
>>
>> First, in your email, you imply that should CDNetworks not agree to waive service of process, that it would have to pay costs/fees incurred by Plaintiff under statute, Rule 1 and court's inherent power.  Can you provide the citation of the statute to which you refer?
>>
>> Second, you state that the Court may set a CMC in September for 50-plus cases, and CDNetworks could be included in that group.  I don't know what you are talking about.  Could you please clarify and explain?
>>
>> Third, you state that the CMC will set into motion a series of deadlines that Plaintiff will not agree to stay. What series of deadlines are you referring to?
>>
>> Finally, in your email, you include the following sentence: "Plaintiff may wait to move for alternative service until, if and when Defendant claims it was not properly served, a concession Plaintiff will not agree to notwithstanding our removal of the entry of default."  Forgive me, but I've read that sentence dozens of times, and I can't understand what you are saying.  Can you please restate and clarify?
>>
>> Thanks,

Aaron

On Mon, Aug 5, 2024 at 2:34 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
> Hi Aaron,
>
> Nicely written brief by you for CDNetworks, such that I can now confirm my client is not opposing the motion to remove the clerk's entry of default as I had mentioned to you last week.
>
> But to follow up on our last communication, a lot of other foreign defendants, including TikTok, ByteDance, Lenovo and most recently Samsung know this.  They all agreed to waive service to avoid having to pay the costs/fees incurred by plaintiff under statute, Rule 1 and court's inherent power.  Plus, here CDNetworks knows of the lawsuit, discussed resolution in detail with prior DLA Piper counsel before you were its counsel, and has now appeared in the litigation.  Point being, CDNetworks is aware of the patent infringement lawsuit, there is no unfair attempt by Plaintiff to get a monetary judgment against an uninformed defendant.
>
> So I write now, to ask CDNetworks to reconsider its decision to NOT agree to a waiver of service of process in exchange fora 90-day extension.  See exemplar attached.
>
> Please let us know at your earliest convenience CDNetworks's final decision.  Apologies for not already getting statement of non-opposition on file for CDNetworks, but we will do so upon hearing from you.
>
> CDNetworks should be aware that the Court may set a CMC in September for about 50-plus cases and CDNetworks could be included in that grouping.  That order will set in motion a series of deadlines that Plaintiff **will not agree to stay**.  So just wanting to be transparent on what Plaintiff will and will not do to avoid a foreseeable sequence of events that will follow lifting/removing the Clerk's Entry of Default against CDNetworks.  Plaintiff may wait to move for alternative service until, if and when Defendant claims it was not properly served, a concession Plaintiff will not agree to notwithstanding our removal of the entry of default.  We just want to resolve the dispute on the merits, not a technicality.
>
> Be well,
> Randy
> 415.568.0553
>
>
>> On Aug 2, 2024, at 11:22 AM, Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>>
>> Okay, we will file a statement of non-opposition.  Then, we will move alternative service.
>>
>>
>>> On Aug 2, 2024, at 7:19 AM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>>>
>>> Hi Randy,
>>>
>>> Thank you for the offer.  I have spoken with my client about it, and my client declines.
>>>
>>> Thanks,
>>> Aaron
>>>
>>> On Tue, Jul 30, 2024, 11:31 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>>>> Aaron,

There are facts that I was not aware of based upon the declaration your client has provided. As such, we would like to stipulate to remove the clerk's entry of default.

In the stipulation, we would like to set a date 60 days from the date of the stipulation for your client to file a response.

Please ask your client if this is an acceptable way to move forward. I prefer to chat about this case over the phone so please give me a call at your convenience any afternoon this week.

Be well,
Randy
415.568.0553

> On Jun 28, 2024, at 12:29 PM, Aaron Peacock <apeacock@peacockfirm.com> wrote:
>
> Hi Randall,
>
> As to (1), I conveyed Plaintiff's offer of settlement to my client, and my client has declined. My client did not provide a counter offer to me. I saw in the papers of this case that on March 1, 2023, Plaintiff made an offer of settlement to Defendant of $250K. I'm not sure how we go from $250K to $875K in one year. In any event, Defendant has declined.
>
> As to (2), yes, I agree.
>
> Thanks,
> Aaron
>
> On Fri, Jun 28, 2024 at 12:10 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
>> Aaron,
>>
>> 1. Any counter offer from CDNetworks for us to discuss?
>>
>> 2. Will CDNetworks agree to a 2-week extension on our response while the parties discuss early resolution?
>
>
> --
> Aaron P. Peacock
> PEACOCK LAW FIRM PLLC
> 4131 N. Central Expressway, Suite 961
> Dallas, Texas 75204
> Tel: 214-617-1000
> Fax: 214-617-1010
> apeacock@peacockfirm.com
> www.peacockfirm.com
>
> This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client

> privilege and/or are confidential.  If you are not
> the intended recipient or the person responsible
> for delivering the email to the intended
> recipient, be advised that you have received
> this email in error and that any use,
> dissemination, forwarding, printing, or copying
> of this email is strictly prohibited.  If you have
> received this email in error, please immediately
> notify me using the telephone number or email
> address listed above.

--
Aaron P. Peacock
PEACOCK LAW FIRM PLLC
4131 N. Central Expressway, Suite 961
Dallas, Texas 75204
Tel: 214-617-1000
Fax: 214-617-1010
apeacock@peacockfirm.com
www.peacockfirm.com

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed.  This communication may contain material protected by the attorney-client privilege and/or are confidential.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited.  If you have received this email in error, please immediately notify me using the telephone number or email address listed above.

**0010 SCHEDULING ORDER- SchedulingCase Management Conference set for 9182024 at 01-30 PM before Distric.pdf**
864K



Aaron Peacock <apeacock@peacockfirm.com>

---

## CDNetworks

---

**Aaron Peacock** <apeacock@peacockfirm.com>　　　　　　　　　　　　　　　　　　　　Wed, Aug 7, 2024 at 11:41 AM
To: Randall Garteiser <rgarteiser@ghiplaw.com>
Cc: Rene Vazquez <rvazquez@ghiplaw.com>, Colin Jensen <cjensen@ghiplaw.com>

Hi Randy,

I spoke to my client about your request for reconsideration regarding waiver of service of process.  My client has again declined.

Thanks,
Aaron

On Tue, Aug 6, 2024 at 12:23 PM Randall Garteiser <rgarteiser@ghiplaw.com> wrote:
> Aaron,
>
> Since we haven't filed our statement of non-opposition yet, we will probably make it to October. Looks like we will know today as he's setting CMCs for September today.
>
> [Quoted text hidden]
> [Quoted text hidden]
> <10 Scheduling Conference ORDER.pdf>
> [Quoted text hidden]

[Quoted text hidden]